UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kathy Reaves, | ) C/A No.   4:07-cv-01183-TLW-TER |
| | ) |
| Plaintiff, | ) |
| | ) REPORT AND RECOMMENDATION |
| v. | ) FOR |
| | ) PARTIAL SUMMARY DISMISSAL |
| Robert A. Covington; Jacquelyn C. Smith; Sturdivant Reed; Mary Beatty Covington; County of Fulton State Adult Probation; Louisiana Department of Corrections; Louisiana Department of Adult Probation and Parole; and North Carolina Department of Insurance, | ) |
| | ) |
| Defendant(s). | ) |

Plaintiff files this civil action *pro se*, and pursuant to 28 U.S.C. § 1915, *in forma pauperis*. Plaintiff, a resident of South Carolina, asserts that her civil rights have been violated, and she raises state law claims as well. The complaint names Robert A. Covington, Jacquelyn C. Smith, Sturdivant Reed, Mary Beatty Covington, County of Fulton State Adult Probation, Louisiana Department of Corrections, Louisiana Department of Adult Probation and Parole, and North Carolina Department of Insurance as defendants. The defendants are located in Georgia, Louisiana or North Carolina. Plaintiff seeks monetary damages.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. As the plaintiff is a pro se litigant, her pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). Even under this less stringent standard, this *pro se* complaint is subject to summary dismissal as to defendants County

of Fulton State Adult Probation, Louisiana Department of Corrections, Louisiana Department of Adult Probation and Parole, and North Carolina Department of Insurance. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Discussion

Plaintiff seeks relief under 42 U.S.C. § 1983 and various state law claims. However, she is barred from going forward in this Court against defendants County of Fulton State Adult Probation, Louisiana Department of Corrections, Louisiana Department of Adult Probation and Parole, and North Carolina Department of Insurance because of Eleventh Amendment immunity. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state or another state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974).

Agencies of the state share this immunity when they are the alter egos of the state. Even though the state is not named as a party to an action, the suit may be barred by the Eleventh Amendment if the plaintiff, a private party, seeks to recover money from the state's public funds. *Id.* at 663. In this case, Plaintiff seeks damages which are barred by the Eleventh Amendment.

While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases.

*See Quern v. Jordan*, 440 U. S. 332, 343 (1979).  Since Congress has not withdrawn Eleventh Amendment immunity with respect to suits against states or their agencies under § 1983, Plaintiff's claims against defendants County of Fulton State Adult Probation, Louisiana Department of Corrections, Louisiana Department of Adult Probation and Parole, and North Carolina Department of Insurance should be dismissed.  A State must expressly consent to suit in a federal district court. *See  Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984).  The Eleventh Amendment cannot be overridden by pendent jurisdiction or any other basis of jurisdiction. *Id.*, at 121.

The State of Georgia has not consented to suit in a federal court.  *See* Georgia Tort Claims Act, Ga. Code Ann. § 50-21-23(b), (statute expressly provides that the State of Georgia does not waive Eleventh Amendment immunity with respect to actions brought in a federal court and consents to suit only in a court of the State of Georgia.)  *See also McCall v. Dep't of Human Resources*, 176 F. Supp. 2d 1355 (M.D. Ga.  2001).  Defendant County of Fulton State Adult Probation is a State agency under the administration of the Georgia Department of Corrections.  *See* Georgia Department of Corrections, http://www.dcor.state.ga.us/Divisions/Corrections/ProbationSupervision/Probation Supervision.html.  As a state agency, defendant County of Fulton State Adult Probation is immune from suit under the Eleventh Amendment of the United States Constitution.  The Eleventh Amendment divests this court of jurisdiction to entertain a suit brought against the State of Georgia or its integral parts, such as a State agency or department.  Therefore, defendant County of Fulton State Adult Probation, a State agency, should be dismissed as a defendant in this action.

The State of Louisiana has not consented to suit in federal court.  *See* La. Rev. State. Ann § 13:5106(A) ("No suit against the state or a state agency or political subdivision shall be instituted

in any court other than a Louisiana state court."). Defendants Louisiana Department of Corrections, and Louisiana Department of Adult Probation and Parole are both State agencies. *See* Louisiana Department of Public Safety and Corrections, http://www.corrections.state.la.us/Offices/pnpoff.htm. The Eleventh Amendment divests this court of jurisdiction to entertain a suit brought against the State of Louisiana or its integral parts, such as a State agency or department. Therefore, defendants Louisiana Department of Correction and Louisiana Department of Adult Probation should be dismissed as defendants in this action.

The State of North Carolina has not consented to suit in federal court. *See* N.C. Gen Stat. § 143-291 (tort claims against departments, institutions and agencies of the State must be brought before North Carolina Industrial Commission). Defendant North Carolina Department of Insurance is a state agency created by the North Carolina general assembly in 1899. *See* http://www.ncdoi.com/main.asp. The Eleventh Amendment divests this court of jurisdiction to entertain a suit brought against the State of North Carolina or its integral parts, such as a State agency or department. Therefore, defendant North Carolina Department of Insurance should be dismissed as a defendant in this action.

**Recommendation**

Accordingly, it is recommended that the District Judge dismiss the complaint in the above-captioned case as to defendants County of Fulton State Adult Probation, Louisiana Department of Corrections, Louisiana Department of Adult Probation and Parole, and North Carolina Department of Insurance *without prejudice* and without issuance and service of process for these defendants. *See* § 1915(e)(2)(B). Process shall issue for service of the remaining defendants.

                                              s/Thomas E. Rogers, III
                                              Thomas E. Rogers, III
                                              United States Magistrate Judge

June 1, 2007
Florence, South Carolina

                  **Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).