UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| KATHY REAVES, | Civil Action No.: 4:07-1183-TLW-TER |
| Plaintiff, | |
| -vs- | **REPORT AND RECOMMENDATION** |
| ROBERT A. COVINGTON, JACQUELYN C. SMITH, STURDIVANT REED, MARY BEATTY COVINGTON, COUNTY OF FULTON STATE ADULT PROBATION, LOUISIANA DEP'T OF CORRECTIONS, LOUISIANA DEP'T OF ADULT PROBATION AND PAROLE, and NORTH CAROLINA DEP'T OF INSURANCE, | |
| Defendants. | |

**I.     INTRODUCTION**

Plaintiff, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. She also alleges causes of action for malicious abuse of process, conspiracy, intentional infliction of emotional distress, negligence, and negligent infliction of emotional distress.

On June 1, 2007, the undersigned issued a Report and Recommendation (Document # 16), recommending that Plaintiff's Complaint be summarily dismissed as to Defendants County of Fulton State Adult Probation, Louisiana Department of Corrections, Louisiana Department of Adult Probation and Parole, and North Carolina Department of Insurance. The Report and Recommendation is currently pending before the district judge. On June 1, 2007, the undersigned also entered an Order (Document # 13), authorizing the issuance of service of process as to Defendants Robert A. Covington, Jacquelyn C. Smith, Sturdivant Reed, and Mary Beatty Covington.

Presently before the Court are Plaintiff's Motion for Entry of Default Judgment (Document # 23) as to Defendants Robert A. Covington, Jacquelyn C. Smith, Sturdivant Reed, and Mary Beatty Covington (hereinafter, "Defendants"), Plaintiff's Motion for an Order of Criminal Conspiracy, Fraud, and False Statements Against Defendants Mary B. Covington and Jacquelyn C. Smith (Document # 34), and Plaintiff's Motion for Hearing (Document # 48). All pretrial proceedings in this case have been referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e),DSC. This Report and Recommendation is entered for review by the district judge.

## II.     DISCUSSION

### A.     Motion for Default Judgment (Document # 23) and Motion for Hearing (Document # 48)

Plaintiff asserts in her Motion for Default Judgment (Document # 23) that Defendants were served with the Summons and Complaint on May 21, 2007, and they failed to file their Answers within twenty days of service. Defendant again asserts in her Motion for Hearing (Document # 48) that Defendant Sturdivant Reed has failed to Answer and requests that a hearing be held on the matter and that default judgment be entered against Defedant Sturdivant Reed.

A review of the record reveals that both Mary Beatty Covington and Robert Covington were served on June 7, 2007 (see Documents # 29, 30) and filed their Answers (Documents # 21, 22) on July 2, 2007.

Pursuant to Rule 12(a)(1)(A), Fed.R.Civ.P., a defendant shall serve an answer within 20 days after being served with the summons and complaint. Furthermore, under Rule 6(e), Fed.R.Civ.P., an additional three (3) days' mailing time is added to the 20 day deadline. Accordingly, Defendants

have 23 days within which to file an Answer. In the present case, Mary Covington and Robert Covington's Answers were due on June 30, 2007, which was a Saturday. Thus, their Answers were not due until the next business day, which was Monday, July 2, 2007. See Rule 6(a), Fed.R.Civ.P. As such, their Answers were timely filed and default judgment is not appropriate.

The record also reveals that Jacquelyn C. Smith was served on June 25, 2007 (see Document # 31) and filed an Answer (Document # 26) on July 16, 2007. According to the analysis set forth above, her answer was due July 18, 2007. Therefore, her Answer was timely filed as well and default judgment is not appropriate.

Plaintiff also moves for default judgment at to Defendant Sturdivant Reed. The record contains no evidence that Sturdivant Reed has been served with the Summons and Complaint. The record does contain evidence that "Fulton County Adult Probation" was served on June 8, 2007. See Document # 35. The Form USM-285 completed by Plaintiff lists Defendant as "Studivant Reed, Probation Officer." However, in the space labeled "SERVE AT," which includes the description "name of individual, company, corporation, etc. to serve," Plaintiff lists "Fulton County Adult Probation." The Order (Document # 9) issued by the undersigned, directing Plaintiff to bring the case into proper form, specifically provides that "the Defendant's name and address should be placed in the spaces preceded by the words 'SERVE AT.'" The Order also provides that "Plaintiff **must** provide, and is responsible for, information sufficient to identify to defendant(s) on the Form(s) USM-285. The United States Marshal cannot serve a defendant that is not properly identified, and defendants that are not served may be dismissed as parties to this case."

Because there is no evidence in the record that Defendant Sturdivant Reed has been served with the Summons and Complaint, default judgment is not proper.

**B.     Motion for an Order of Criminal Conspiracy, Fraud, and False Statements Against Defendants Mary B. Covington and Jacquelyn C. Smith (Document # 34)**

Plaintiff asserts that Jacquelyn Smith submitted the exact same Answer as Robert and Mary Covington and that Mary Covington prepared the Answer for Smith even though Mary Covington is not licensed to practice law. Plaintiff submits as evidence a copy of the Answer she received from Smith, which is not signed by Smith but includes tabs to indicate where Smith should sign. Ex. A to Plaintiff's Motion. Plaintiff also submits a copy of the return receipt, which she claims was completed by Mary Covington rather than Jacquelyn Smith. Ex. B to Plaintiff's Motion.

Plaintiff argues that the actions of Smith and Mary Covington constitute criminal conspiracy in violation of 18 U.S.C. § 371, fraud in violation of 18 U.S.C. § 1001(a) and providing false information to the court in violation of 18 U.S.C. § 1038(a) and (b). To the extent Plaintiff is seeking to assert additional causes of action, Plaintiff should file a motion to amend her complaint. To the extent she is seeking a determination of the merits of her case, the present motion is premature. To the extent she is seeking sanctions against Defendants Smith and Mary Covington, Plaintiff is precluded from seeking such sanctions under 18 U.S.C. § 371 and 18 U.S.C. § 1001(a) because, as criminal statutes, they do not convey a private right of action. See Rockefeller v. U.S. Court of Appeals Office for Tenth Circuit Judges, 248 F.Supp.2d 17, 23 (D.D.C. 2003) (no private right of action under 18 U.S.C. § 371); Williams v. McCausland, 791 F.Supp. 992, 1001 (S.D.N.Y.1992) (no private right of action under 18 U.S.C. § 1001) (citing Federal Sav. & Loan Ins. Corp. v. Reeves, 816 F.2d 130, 138 (4th Cir.1987)).

Furthermore, 18 U.S.C. § 1038 is inapplicable to the present case because it applies only when false or misleading information is given "where such information indicates that an activity has

taken, is taking, or will take place that would constitute a violation of chapter 2, 10, 11B, 39, 40, 44, 111, or 113B of this title, section 236 of the Atomic Energy Act of 1954 (42 U.S.C. 2284), or section 46502, the second sentence of section 46504, section 46505(b)(3) or (c), section 46506 if homicide or attempted homicide is involved, or section 60123(b) of title 49." 18 U.S.C. § 1038(b).[1] Because Mary Covington and Jacquelyn Smith's statements[2] do not involve violations of any of the above statutes, 18 U.S.C. § 1038 is inapplicable.

For the reasons set forth above, Plaintiff's Motion should be denied.

### III.   CONCLUSION

In light of the above analysis, it is recommended that Plaintiff's Motion for Default Judgment (Document # 23), Motion for Hearing (Document # 48), and Motion for an Order of Criminal Conspiracy, Fraud, and False Statements Against Defendants Mary B. Covington and Jacquelyn C. Smith (Document # 34) be denied.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 11, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[1] Subsection (b) provides a civil remedy for such conduct while subsection (a) provides criminal sanctions for the same conduct.

[2] The undersigned forms no opinion as to whether the statements asserted in Mary Covington's and Smith's Answers are false or misleading.