UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| KATHY REAVES, | ) | Civil Action No.: 4:07-1183-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| | ) | |
| ROBERT A. COVINGTON, JACQUELYN | ) | |
| C. SMITH, STURDIVANT REED, MARY | ) | |
| BEATTY COVINGTON, COUNTY OF | ) | |
| FULTON STATE ADULT PROBATION, | ) | |
| LOUISIANA DEP'T OF CORRECTIONS, | ) | |
| LOUISIANA DEP'T OF ADULT | ) | |
| PROBATION AND PAROLE, and | ) | |
| NORTH CAROLINA DEP'T OF | ) | |
| INSURANCE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I.     INTRODUCTION

Plaintiff, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  She also alleges causes of action for malicious abuse of process, conspiracy, intentional infliction of emotional distress, negligence, and negligent infliction of emotional distress.

Presently before the Court is Defendants Sturdivant Reed and Fulton County Adult Probation's Motion to Dismiss (Document # 50), which was filed November 28, 2007.  All pretrial proceedings in this case have been referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e),DSC.   This Report and Recommendation is entered for review by the District Judge.

## II.    PROCEDURAL HISTORY

Prior to the filing of the Motion to Dismiss, the undersigned entered a Report and Recommendation (Document # 16), recommending that Defendant Fulton County Adult Probation, among other Defendants, be dismissed from this action.  Subsequent to the filing of the Motion to Dismiss, the District Judge entered an Order (Document # 67), adopting the Report and Recommendation and dismissing the Complaint as to Defendant Fulton County Adult Probation. Thus, the Motion to Dismiss as it relates to Fulton County Adult Probation is moot.

Furthermore, on January 11, 2008, the undersigned entered a second Report and Recommendation (Document # 58), recommending that Plaintiff's Motion for Default Judgment as to Defendant Reed be denied because there was no proof in the record that Defendant Reed had been served with the Summons and Complaint.  The District Judge entered an Order (Document # 67) accepting that recommendation and denying Plaintiff's Motion for Default Judgment.

Defendant Reed has not filed an Answer in this action and files this Motion to Dismiss by special appearance.  Reed argues that dismissal is proper because he has not been served in accordance with the Federal Rules of Civil Procedure or the South Carolina Rules of Civil Procedure, in his official capacity, he is not a "person" within the meaning of 42 U.S.C. §§ 1983 and 1985, the claims against him in his official capacity are barred by the Eleventh Amendment, the claims are barred by the statute of limitations, Plaintiff fails to state a claim upon which relief may be granted, and this Court lacks personal jurisdiction over him.

## III.    DISCUSSION

Although Defendant Reed makes the personal jurisdiction argument last in his Memorandum, the undersigned will address it first because, if this Court lacks jurisdiction over Reed, it lacks jurisdiction to address the other arguments raised by him.

"When a court's personal jurisdiction over a defendant is contested, the burden is on the plaintiff to establish the existence of a ground for exercising such jurisdiction." ESAB Group, Inc. v. Centricut, LLC, 34 F.Supp.2d 323, 328 (D.S.C.1999).  In the absence of an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdiction. Mylan Lab., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir.1993).

To assert personal jurisdiction over a non-resident defendant, the exercise of jurisdiction must be authorized by South Carolina's long-arm statute[1] and must comport with the Fourteenth Amendment's due process clause. Tetrev v. Pride Int'l, Inc., 465 F.Supp.2d 555, 558 (D.S.C.2006). The South Carolina Supreme Court has interpreted South Carolina's long-arm statute to extend to the constitutional limits imposed by the due process clause. See id. at 559; Sheppard v. Jacksonville Marine Supply, Inc., 877 F.Supp. 260, 265 (D.S.C.1995). "Consequently, the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one." ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 623 (4th Cir.1997) (internal quotation marks omitted).  Under the due process analysis, the plaintiff must show that the defendant had sufficient "minimum contacts" with South Carolina and that the exercise of jurisdiction would not offend "traditional notions of fair play and substantial justice." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980) (internal quotation marks omitted).  "A minimum contacts

---

[1]S.C. Code Ann. § 36-2-803.

analysis requires a court to find that the defendant directed its activities to a resident of [South Carolina] and that the cause of action arises out of or relates to those activities." S. Plastics Co. v. S. Commerce Bank, 310 S.C. 256, 423 S.E.2d 128, 131 (S.C.1992). Further, the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-77, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

Plaintiff's claims appear to arise out of a custody dispute between Plaintiff and her child's father, Defendant Robert A. Covington.  Defendant Reed is a probation officer for the Georgia Department of Corrections (incorrectly identified by Plaintiff as Fulton County Adult Probation) and supervised Defendant Robert A. Covington.  Complaint at ¶¶ 4, 19.  Plaintiff contacted Reed in Atlanta, Georgia in April of 2003 to inform him that Covington had a son and was not paying child support. Id. at ¶ 24.  Plaintiff appears to allege that Reed failed to properly supervise Covington to prevent him from harassing and torturing her and her family members, violating his probation, committing felonies and misdemeanors in other states, and conspiring to violate Plaintiff's rights, among other things. Id. at ¶¶ 107-09.  See also ¶¶ 117(b), 125, 127.

Plaintiff has failed to make a prima facie showing that Defendant Reed has minimal contacts with South Carolina.  She has not alleged any facts that would show that Reed directed any of his activities to a resident of South Carolina.  Defendant Reed could not "reasonably anticipate being haled into court" in South Carolina as a result of his supervision of Covington in Georgia.  See, e.g., World Wide Volkswagen Corp., 444 U.S. at 297.  Assuming, arguendo, that Plaintiff has claims against Reed upon which relief may be granted, those claims should be brought in a court in Georgia. This Court lacks jurisdiction over Defendant Reed, and his Motion to Dismiss should be granted. As stated above, Reed makes several other arguments regarding why this case should be dismissed

against him.  Nevertheless, because the Court lacks jurisdiction over him, it cannot and need not

reach those issues.

## IV.    CONCLUSION

Based upon the above analysis, it is recommended that Defendants Sturdivant Reed and

Fulton County Adult Probation's Motion to Dismiss (Document # 50) be deemed moot as to

Defendant Fulton County Adult Probation and be granted as to Defendant Reed.


 s/Thomas E. Rogers, III

Thomas E. Rogers, III
United States Magistrate Judge

July 1, 2008
Florence, South Carolina


**The parties' attention is directed to the important notice on the next page.**